Tammy Hussin, Esq. (Bar No. 155290)
Lemberg & Associates, LLC
6404 Merlin Drive
Carlsbad, CA 92011
Telephone (855) 301-2100 ext. 5514
thussin@lemberglaw.com

Lemberg & Associates, LLC
1100 Summer Street
Stamford, CT  06905
Telephone:  (203) 653-2250
Facsimile:  (203) 653-3424

Attorneys for Plaintiff,
Autumn Lann

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
SACRAMENTO DIVISION

| | |
|---|---|
| Autumn Lann,<br><br>         Plaintiff,<br><br>    vs.<br><br>Wells Fargo Bank, N.A.; and DOES 1-10, inclusive,<br><br>         Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br>**1. VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227,** *ET. SEQ.*<br><br>**2. VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRATICES ACT, CAL.CIV.CODE § 1788** *ET. SEQ.*<br><br>**JURY TRIAL DEMANDED** |

For this Complaint, the Plaintiff, Autumn Lann, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. seq.* (the "TCPA") and violations of Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788 *et, seq.* ("RFDCPA").

2. Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here, Plaintiffs reside in this judicial district, and a substantial portion of the acts giving rise to this action occurred here.

## PARTIES

4. The Plaintiff, Autumn Lann (hereafter "Plaintiff"), is an adult individual residing in Sacramento, California, and is a "person" as defined by 47 U.S.C. § 153(10).

5. The Defendant, Wells Fargo Bank, N.A. (hereafter "Wells"), is a company with an address of 101 North Phillips Avenue, Sioux Falls, San Diego 57104, and is a "person" as defined by 47 U.S.C. § 153(10).

6. Does 1-10 (the "Agents") are individual employees and/or agents employed by Wells and whose identities are currently unknown to the Plaintiff. One or

more of the Agents may be joined as parties once their identities are disclosed through discovery.

7. Wells at all times acted by and through one or more of the Agents.

**FACTS**

8. By way of background, Plaintiff has a banking relationship with Wells Fargo. Plaintiff lost her job and fell upon hard times and found herself without the means with which to meet her financial obligations. One of these obligations is a debt Plaintiff owes to Wells (the "Debt").

9. In an effort to collect the Debt, Wells began calling Plaintiff on her cellular telephone using an artificial or prerecorded voice ("Automated Calls").

10. In an effort to collect the Debt, Wells placed the Automated Calls at an excessive and harassing rate, calling Plaintiff multiple times a day.

11. Although Plaintiff acknowledges the existence of the Debt and intends to Wells when she has the financial ability to do so, the barrage of Automated Calls were bothersome to Plaintiff and intruded on her right to free from unwanted invasions.

12. In an effort to stop the Automated Calls, Plaintiff spoke to Wells to advise them of her current financial situation. Plaintiff advised Wells that she was unemployed and had no financial means with which to pay the Debt. Plaintiff explained to the representatives that she intended to repay the Debt and would do so as

soon her financial condition improved, but at the current time there was no possibility of repayment.

13. Despite knowing Plaintiff had no financial means with which to pay the Debt and knowing that its calls would not result in the repayment of the Debt, Wells nonetheless continued to barrage Plaintiff with the Automated Calls, causing Plaintiff's phone to ring throughout each day, sometimes up to five times per day.

14. Plaintiff spoke to Wells again in an effort to get the calls to stop, including a conversation sometime in or around mid-June of 2013. During each call Plaintiff requested that the constant calls stop and reiterated her financial situation and her commitment to pay the Debt when her financial condition improved.

15. Despite Plaintiff's multiple attempts to stop the calls, Wells ignored Plaintiff requests and continued its calling campaign, causing Plaintiff's phone to ring multiple times a day, multiple days per week, and for months on end.

16. The Automated Calls continued to intrude on Plaintiff's privacy and served as a constant reminder of her poor financial condition. In a further attempt to stop the calls, Plaintiff filed a complaint against Wells with the Fair Trade Commission ("FTC") for the Automated Calls.

17. Even after filing a complaint with the FTC Wells continued its Automated Calls to Plaintiff at the same annoying and harassing rate.

4

**COUNT I**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –**
**47 U.S.C. § 227, *et seq.***

18. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

19. Wells called Plaintiff on her cellular telephone using an automated or prerecorded voice without her consent, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

20. Wells continued to place Automated Calls to Plaintiff despite her many requests that the calls stop. By continuing to make Automated Calls to Plaintiff knowing she did not want to be called, the calls were made in knowing and/or willful violation of the TCPA, and subject to treble damages pursuant to 47 U.S.C. § 227(b)(3)(C).

21. The telephone number called by Wells was assigned to a cellular telephone service for which Plaintiff incurs charges for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

22. The calls from Wells to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

23. Wells' telephone system has the capacity to store numbers in a random and sequential manner and uses the system to place the calls.

**COUNT II**
**VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, Cal. Civ. Code § 1788 *et seq.***

24. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

25. The RFDCPA prohibits unfair and deceptive acts and practices in the collection of consumer debts.

26. Wells, in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

27. Wells knew that the continued calls to Plaintiff would not result in the collection of the Debt and ignored Plaintiff's requests to stop.

28. Wells caused Plaintiff's telephone to ring repeatedly and engaged the Plaintiff in continuous conversations with an intent to annoy the Plaintiff, in violation of Cal. Civ. Code § 1788.11(d).

29. The Defendants communicated with the Plaintiff with such frequency as to be considered harassment, in violation of Cal. Civ. Code § 1788.11(e).

30. The Defendants failed to comply with the provisions of 15 U.S.C. § 1692, et seq., in violation of Cal. Civ. Code § 1788.13(e).

31. The Defendants did not comply with the provisions of Title 15, Section 1692 of the United States Code, in violation of Cal. Civ. Code § 1788.17.

32. The Plaintiff is entitled to damages as a result of the Defendants' violations.

6

## COUNT III
## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

33. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. The Restatement of Torts, Second, § 652B defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

35. California further recognizes the Plaintiff's right to be free from invasions of privacy, thus the Defendants violated California state law.

36. The Defendants intentionally intruded upon Plaintiff's right to privacy by continually harassing Plaintiff with the above referenced telephone calls.

37. The telephone calls made by the Defendants to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and, "a substantial burden to her existence," thus satisfying the Restatement of Torts, Second, § 652B requirement for an invasion of privacy.

38. The conduct of the Defendants in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

39. As a result of the intrusions and invasions, the Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendants.

40. All acts of the Defendants and its agents were committed with malice, intent, wantonness, and recklessness, and as such, the Defendants are subject to punitive damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

A. Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B. Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C. Actual damages pursuant to Cal. Civ. Code § 1788.30(a);

D. Statutory damages of $1,000.00 for knowingly and willfully committing violations pursuant to Cal. Civ. Code § 1788.30(b);

E. Actual damages from the Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

F. Such other and further relief as may be just and proper.

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

DATED:  December 13, 2013                    TAMMY HUSSIN

By: */s/  Tammy Hussin*
Tammy Hussin, Esq.
Lemberg & Associates, LLC
Attorney for Plaintiff, Autumn Lann